FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 21 2014

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STEVE HOLLAND                                                           PLAINTIFF

vs.             CASE NO. CV-4:14cv0105-DPM

SOUTHWESTERN BELL TELEPHONE                              DEFENDANTS
COMPANY and CLIFFORD LINDSEY

### NOTICE OF REMOVAL

This case assigned to District Judge _Marshall_
and to Magistrate Judge _Young_

*To the Honorable United States District Judge:*

PLEASE TAKE NOTICE that Defendants Southwestern Bell Telephone Company and Clifford Lindsey (the "Defendants"), by and through undersigned counsel, Williams & Anderson PLC, timely files this Notice of Removal, pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), and 28 U.S.C. § 1446(b), removing this action from the Circuit Court of Pulaski County, to the United States District Court for the Eastern District of Arkansas, on the following grounds:

#### A. Introduction

1.  On or about December 2, 2013, Plaintiff Steve Holland commenced this action against the Defendants in the Circuit Court of Pulaski County, Arkansas, Civil Division, which is styled *Steve Holland v. Southwestern Bell Telephone Company and Clifford Lindsey*, Case No. 60CV-13-4624. Mr. Lindsey received a copy of the Summons and Complaint via mail. Copies of the Summons and Complaint are attached to this notice as Exhibits "1" and "2" respectively. Plaintiff served its Complaint on Defendant Lindsey on January 22, 2014.

2.  Defendants are filing this Notice of Removal within 30 days of their first receipt of Plaintiff's Complaint as required by 28 U.S.C. § 1446(b).

3.   Plaintiff claims generally that the Defendant willfully violated the Family Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), and the Arkansas Civil Rights Act ("ACRA").

### B. Jurisdiction and Removal

4.   Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over the Plaintiff's FMLA and ADA claims because both present federal questions.

5.   Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the Plaintiff's ACRA claim as it does not raise a novel or complex issue of Arkansas law, nor does the ACRA claim substantially predominate over the FMLA or ADA claim.

6.   Clifford Lindsey is a citizen of Arkansas.

7.   Upon information and belief, the Plaintiff is a citizen of Arkansas.

8.   Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this district.

9.   Contemporaneous with the filing of this Notice of Removal, Defendant is filing a Notice of Filing of this Notice of Removal with the clerk of the Circuit Court of Pulaski County, Arkansas, pursuant to 28 U.S.C. § 1446(d).

10.   Defendants also contemporaneously file their Original Answer, a true and correct copy of which is attached and incorporated herein as Exhibit "3." Defendants have attached all pleadings, process or orders from the Circuit Court of Pulaski County, Arkansas.

11.   All fees required by law in connection with this notice have been paid by Defendants.

### C. Other Considerations

12. The Plaintiff filed interrogatories and requests for production of documents contemporaneously with his Complaint.

13. Defendants affirmatively state that the time for response to outstanding discovery is subject to the parties' Rule 26(f) scheduling conference, not state law requirements governing response time. *See* Fed. R. Civ. P. 34, Committee Notes (1993) ("When a case with outstanding requests for production is removed to federal court, the time for response would be measured from the date of the parties' [Rule 26(f)] meeting.").

WHEREFORE, Defendants Southwestern Bell Telephone Company and Clifford Lindsey remove the above-captioned matter now pending in the Circuit Court of Pulaski County, Arkansas, to the United States District Court for the Eastern District of Arkansas.

Respectfully submitted,

WILLIAMS & ANDERSON PLC
111 Center Street, Suite 2200
Little Rock, Arkansas 72201
(501) 372-0800

By: *[signature]*
Philip E. Kaplan (68026)
pkaplan@williamsanderson.com
Bonnie Johnson (2005165)
bjohnson@williamsanderson.com
Alec Gaines (2012277)
againes@williamsanderson.com

*Attorneys for Clifford Lindsey*

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendants hereby certifies that a true and correct copy of the foregoing was served on the counsel identified below by electronic mail and first-class U.S. Mail, postage prepaid, on February 21, 2014:

Luther Sutter
Sutter & Gillham, P.L.L.C.
P.O. Box 2012
Benton, Arkansas 72018
luthersutter.law@gmail.com

_____
Philip E. Kaplan

### IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### HON. TIM FOX - 6TH DIVISION PULASKI CIRCUIT COURT

STEVE HOLLAND V SOUTHWESTERN BELL TEL CO ET AL

60CV-13-4624

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

CLIFFORD LINDSEY
POE: Southwestern Bell
11003 W. Markham Street
Little Rock, AR 72211

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Luther Oneal Sutter, II
310 W. Conway
Benton, AR 72015

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:

PLAINTIFFS FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS



CLERK OF COURT

Address of Clerks Office

LARRY CRANE, CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W MARKHAM
LITTLE ROCK, AR 72201

*Kurt Schwarznau*

DEP CLERK Kurt G Schwarznau, DC

Date: 12/02/2013

No. 60CV-13-4624 This summons is for CLIFFORD LINDSEY (name of Defendant).

PROOF OF SERVICE

❑ I personally delivered the summons and complaint to the individual at
_____[place] on _____ [date];
or

❑ I left the summons and complaint in the proximity of the individual by
_____ after he/she refused to receive it when I offered it to him/her; or

❑ I left the summons and complaint at the individual's dwelling house or usual place of abode at
_____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

❑ I delivered the summons and complaint to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❑ Other [specify]:
_____

❑ I was unable to execute service because:
_____

_____

My fee is $ ____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____     SHERIFF OF _____ COUNTY, ARKANSAS

                                   By: _____
                                   [Signature of server]

                                   _____
                                   [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____     By: _____
                                   [Signature of server]

                                   _____
                                   [Printed name]

Address: _____
_____

Phone: _____

Subscribed and sworn to before me this date: _____

                                   _____
                                   Notary Public

My commission expires: _____

Additional information regarding service or attempted service:
_____
_____

ELECTRONICALLY FILED
2013-Dec-02 13:55:12
60CV-13-4624
C06D06 : 5 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

STEVE HOLLAND            PLAINTIFF

VS.           CASE NO: _____

SOUTHWESTERN BELL
TELEPHONE COMPANY           DEFENDANTS
And CLIFFORD LINDSEY

### COMPLAINT WITH PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES THE PLAINTIFF, by and through Counsel and for his Complaint he states:

### PARTIES AND JURISDICTIONS

1. Plaintiff is a resident and citizen of the State of Arkansas, who worked for the Defendants in Arkansas. Defendant Southwestern Bell Telephone Company is a foreign corporation authorized to do business in the State of Arkansas, who at all times relevant employed more than 300 (three hundred) people in the State of Arkansas. Clifford Lindsey, a resident and citizen of Arkansas, is the Area Manager who refused to accommodate Plaintiff's disability, implemented a 100% healed policy, and retaliated against the Plaintiff in violation of the ACRA and the FMLA. This is an action brought for violation of the ADA, the Family Medical Leave Act of 1993, and the Arkansas Civil Rights Act of 1993. Since the acts giving rise to this action arose in this county, venue is proper. This court has personal and subject matter jurisdiction. Plaintiff timely filed a Charge of Discrimination, Exhibit A, with the EEOC and now timely files this action within ninety (90) days of receiving this Right to Sue letter.

### GENERAL ALLEGATIONS OF FACTS

2. Plaintiff was formerly employed by the Defendant until February 2013. He is, or is regarded as, a person with a disability. At all times relevant, he performed his job satisfactorily.

Page 1 of 4

EXHIBIT 2

3. During his employment, Plaintiff's foot was injured and became substantially limited in his ability to walk, think, climb, and concentrate. Plaintiff timely and properly requested FMLA leave for surgery on his foot.

4. Thereafter, Defendants failed to accommodate Plaintiff by holding him to quotas that were impossible to meet, while Plaintiff was on FMLA leave.

5. Plaintiff requested leave that qualified for FMLA and Defendants retaliated against Plaintiff for requesting leave in violation of the ADA, the FMLA, and the ACRA.

6. Defendants have a policy that requires people to be 100% healed. Lindsey refused to allow Plaintiff to work unless he had no restrictions.

7. Plaintiff could have performed his job satisfactorily with accommodation, i.e. FMLA leave, but Defendants failed to accommodate him by allowing him additional time required under the FMLA. Instead, Defendants failed to allow Plaintiff additional time to meet his quotas in violation of the FMLA.

## COUNT I

8. Plaintiff re-alleges the foregoing as it is fully set out herein.

9. Defendant Southwestern Bell Telephone Company is an employer covered by the FMLA, who together employed more than 50 people in each week in 2012, 2013, and 2011, in an industry affecting interstate commerce.

10. Plaintiff, hired before October 2011, requested and was granted leave that qualified as FMLA leave. Plaintiff worked for than 1250 hours in the year preceding each day in 2012 and 2013.

11. Defendants retaliated against the Plaintiff for requesting FMLA leave and interfered with Plaintiff's use of FMLA leave by firing him, as well as failing to allow him time to meet his quotas.

12. As a direct and proximate cause of Defendants' acts and omissions alleged herein, Plaintiff has suffered lost wages, lost benefits, and incurred other damages in an amount

to be proven at trial.

13. Defendants' actions have been so egregious as to warrant the imposition of liquidated and punitive damages.

## COUNT II

14. Plaintiff re-alleges the foregoing as it is fully set out herein.

15. Plaintiff is a person with a disability or is regarded as a person with a disability, or has a record of impairment. His impairment is severe enough to substantially limit one or more of his major life activities, *i.e.* walking, thinking, concentrating, or climbing. Plaintiff is a qualified individual with a disability.

16. Plaintiff requested accommodation in the form of leave to undergo surgery. Because he requested accommodation, Defendants fired him. Consequently, Defendants have discriminated against Plaintiff in violation of the ADA and the ACRA, as well as failed to accommodate him and retaliated against him. Had Plaintiff not identified himself as a person with a disability, he would not have been fired.

16. As a direct and proximate cause of Defendants' acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, lost wages, lost benefits, and incurred other damages in an amount to be proven at trial.

17. Defendants' actions have been so egregious so as to warrant the imposition of punitive damages.

WHEREFORE Plaintiff prays for appropriate compensatory and punitive damages exceeding $75,000.00, for electronic discovery under Rule 26.1, for a trial by jury, for reasonable attorney's fees, for costs, for compensatory and liquidated damages under FMLA, reinstatement or front pay, for appropriate injunctive relief, for a trial by jury, prejudgment interest, for reasonable attorneys' fees, and for all other proper relief.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501-315-1910  Office
501-315-1916  Facsimile
Attorney for the Plaintiff

By: */s/ Luther Oneal Sutter*
Luther Oneal Sutter, AR Bar No. 95031
luthersutter.law@gmail.com

g:\doc\Holland, Steve\PLD\2013-11-05 COM - Holland, Steve.doc

ELECTRONICALLY FILED
2013-Dec-02 13:55:12
60CV-13-4624
C06D06 : 4 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

STEVE HOLLAND                                        PLAINTIFF

VS.                                    CASE NO: _____

SOUTHWESTERN BELL                          DEFENDANT
TELEPHONE COMPANY

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW the Plaintiff, by and through counsel, Sutter & Gillham, P.L.L.C., who hereby propounds the following Interrogatories and Requests for Production of Documents upon Defendants, to be answered in the time and manner as prescribed by the Rules of Civil Procedure:

<u>DEFINITIONS</u>:

Except whether otherwise expressly indicated, the following definitions shall apply throughout these Interrogatories:

I. "DOCUMENT" means any material subject to discovery under the Rules of Civil Procedure including, but not limited to, the original and non-identical copies of correspondence, memoranda, agreements, notes, handwritten notes and scratch pads or sheets, accounting entries, purchase orders, invoices, statements of account, records, computer printouts, calculations, tape recordings and all of the writings, recordings of communications, recordings or data compilations in whatever form, including drafts thereof, machine readable information, and any material underlying, supporting or used in the preparation of any document now or formerly within the actual or constructive possession, custody or control of Defendant.

II. "IDENTIFY", when used in reference to a document shall mean to state its: (1) date; (2) author; (3) type of document, (e.g., letter, memorandum, receipt, invoice, schedule, report, telegraph, chart, photograph, sound reproduction, or note); and (4) its present location and the name and address of each present custodian. If any such document was, but is no longer in the possession of Defendant, or subject to its control, or it is no longer in existence, state whether it is: (a) missing or lost; (b) destroyed; (c) transmitted or transferred, voluntarily or involuntarily to other, identifying such others; or (d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition and state the date or approximate date thereof. To the extent that any of the above information is not available, state any other means of identifying such document.

III. "ORAL COMMUNICATION" means all conversations, statements and remarks whether taped, transcribed, recorded or otherwise. When the term "identify" is used herein in conjunction with the term "oral communication," or if the answer to any Interrogatory herein refers to an oral communication, the answer should be fully descriptive of such oral communication typically including: (a) The date of said communication; (b) The place at which it occurred; (c) The person involved, and the last known home address, home telephone number

1

of each person, as well as the present or last known position and business affiliation or employer of each such person; and (d) The substance of the communication.

IV. "PERSON" or "PERSONS", as used herein, shall be deemed to include natural persons, firms, partnerships, associations, joint ventures and corporations.

V. "IDENTIFY", when used in reference to a natural person shall mean to state: (1) his full name, last known address, and telephone number; (2) his present or last known business affiliations and positions in respect thereto during the applicable time as herein defined, and (3) his social security number. To the extent that any of the above information is not available, state all other available means of identifying such natural person.

VI. "YOU" or "YOUR" refers to Defendant, and/or his attorney, agent or others acting on his or their behalf.

VII. "TIME FRAME" where no time frame is specifically indicated or requested herein, Defendant is instructed to specify any relevant time period in his answer.

VIII. The male gender includes the female and the singular includes the plural.

### INTERROGATORIES:

Please review the Definitions sections above prior to formulating your answers to these Interrogatories.

**INTERROGATORY NO. 1:** Please identify, as described above, each and every person of whom you are aware with knowledge of the facts and circumstances involved in this lawsuit.

**INTERROGATORY NO. 2:** For each person identified in the preceding Interrogatory, please state a brief summary of all facts you believe the person knows and whether you intend to call the person identified to testify at the trial of this cause.

**INTERROGATORY NO. 3:** Do you intend to call any expert witnesses at trial of this cause? If so, please state:

   (a) The field of expertise of the witness;

   (b) The subject matter which is expected to testify, and;

   (c) The substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each such opinion.

**INTERROGATORY NO. 4:** Have you any tangible items of correspondence, memoranda, records, or any other item, which you may offer in evidence at trial of this matter? If so, please enumerate and identify specifically by date and item each such instrument.

**REQUEST FOR PRODUCTION NO. 1:** Please produce and attach copies of any and all documents identified in your answer to Interrogatory No. 4 above.

**INTERROGATORY NO. 5:** Please state specifically all facts that support your denial of any allegations contained in Plaintiff's Complaint.

**INTERROGATORY NO. 6:** Please identify each and every person who has had any oral communication with Plaintiff on behalf of the Defendant since the date of the incidents alleged in Plaintiff's Complaint. Please enumerate and identify such oral communication as detailed in the Definitions above.

**INTERROGATORY NO. 7:** Please enumerate and identify specifically by date and item each and every document produced as a result of any oral or written communication that Defendant, or representative of, had with Plaintiff, or any representative of Plaintiff, since the date of the incidents alleged in Plaintiff's Complaint.

**REQUEST FOR PRODUCTION NO. 2:** Please produce and attach copies of any and all documents identified in your answer to Interrogatory No. 7 above.

**INTERROGATORY NO. 8:** With respect to any and all policies of insurance, including primary and excess insurance policies, which may provide coverage for the damages sought by the Plaintiff(including bodily injury, uninsured motorist, underinsured motorist, excess coverage, umbrella coverage, and any other potential insurance coverage of any kind), please state:

(a) The name of each insurance company providing coverage;

(b) The extent of coverage provided by each policy of insurance, including coverage for both personal injury and property damage;

(c) The policy number of each policy of insurance; and

(d) The effective date of each policy of insurance.

**REQUEST FOR PRODUCTION NO. 3:** Please produce and attach copies of the insurance policies and declarations page for each of those policies identified in your answer to Interrogatory No. 8 above.

**INTERROGATORY NO. 9:** For each affirmative defense you have asserted, please state all facts that support such assertion.

**INTERROGATORY NO. 10:** If you have plead insufficiency of process or insufficiency of service of process, please state all facts that support this assertion.

**INTERROGATORY NO. 11:** Identify all persons who have been consulted or who have contributed in any way to the collection of information and/or the formulation of the answers contained herein.

**INTERROGATORY NO. 12:** Please state if you will treat these Interrogatories and Requests for Production of Documents as continuing in nature and supplement your answers or responses hereto within 10 days of obtaining information that modifies the responses made.

**INTERROGATORY NO. 13:** Please state reasons for termination.

**INTERROGATORY NO. 14:** Please identify all persons counseled, disciplined or terminated for the same or similar reasons in part or in whole.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501-315-1910 Office
501-315-1916 Facsimile
Attorney for the Plaintiff

By: /s/ Luther Oneal Sutter
Luther Oneal Sutter, AR Bar No. 95031
luthersutter.law@gmail.com

g:\doc\Holland, Steve\DISC\2013-11-05 PLT DISC1 - Holland, Steve.doc

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STEVE HOLLAND                                                                                         PLAINTIFF

vs.                                        CASE NO. CV-_____

SOUTHWESTERN BELL TELEPHONE                                              DEFENDANTS
COMPANY and CLIFFORD LINDSEY

## ANSWER TO COMPLAINT BY
## SEPARATE DEFENDANT CLIFFORD LINDSEY

Separate Defendant, Clifford Lindsey ("Defendant"), for his Answer, states as follows:

1. In response to Paragraph 1 of the Complaint, Defendant admits that he is a resident and citizen of the State of Arkansas and that he is currently employed by Southwestern Bell Telephone Company as an Area Manager. Defendant is without sufficient knowledge to either admit or deny that Plaintiff is a resident or citizen of the State of Arkansas and therefore denies the same. Defendant admits that Plaintiff worked for Southwestern Bell Telephone Company. Defendant denies all other allegations contained in Paragraph 1 of the Complaint. Defendant affirmatively states that the United States District Court for the Eastern District of Arkansas has original jurisdiction over Plaintiff's FMLA and ADA claims, supplemental jurisdiction over all other claims, proper venue, and proper personal jurisdiction over the parties.

2. Defendant admits that Plaintiff was employed by Southwestern Bell Telephone Company until February 2013. Defendant denies all other allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff alleged an injury to his foot while employed by Southwestern Bell Telephone Company. Defendant denies all other allegations contained in Paragraph 3 of the Complaint.

EXHIBIT 3

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. Paragraph 8 requires no response but Defendant restates the responses above.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff was hired before October 2011 and worked more than 1250 hours in the year preceding each day in 2012 and each day in 2013 until the date of his termination. Defendant denies all other allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 requires no response but Defendant restates the responses above.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 16 [sic] of the Complaint.

18. Defendant denies the allegations contained in Paragraph 17 [sic] of the Complaint.

19. Defendant denies Plaintiff is entitled to the requested relief.

**AFFIRMATIVE DEFENSES**

20. Plaintiff has failed to state a claim upon which relief can be granted.

21. Plaintiff's own acts or omissions proximately caused or contributed to any adverse employment action alleged in the Complaint and any loss, injury, or damages he allegedly sustained.

22. All actions taken by the Defendant with regard to the Plaintiff were made in good faith, without malice, and in a fair and equitable manner and were taken for reasonable, legitimate, non-discriminatory/retaliatory business reasons.

23. Plaintiff has failed to mitigate damages, if any.

24. Plaintiff's claims may be barred by the applicable statute of limitations or doctrine of laches.

25. Defendant reserves the right to further amend its Answer pursuant to the Federal Rules of Civil Procedure as additional facts are revealed after discovery or investigation regarding Plaintiff's claims.

WHEREFORE, Defendant prays that the Plaintiff's Complaint be dismissed with prejudice and that it be granted a judgment for its costs, fees, and all other just and proper relief.

Respectfully submitted,

WILLIAMS & ANDERSON PLC
111 Center Street, Suite 2200
Little Rock, Arkansas 72201
(501) 372-0800

By: _____
Philip E. Kaplan (68026)
pkaplan@williamsanderson.com
Bonnie Johnson (2005165)
bjohnson@williamsanderson.com
Alec Gaines (2012277)
againes@williamsanderson.com

*Attorneys for Clifford Lindsey*

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendants hereby certifies that a true and correct copy of the foregoing was served on the counsel identified below by electronic mail and first-class U.S. Mail, postage prepaid, on February 21, 2014:

Luther Sutter
Sutter & Gillham, P.L.L.C.
P.O. Box 2012
Benton, Arkansas 72018
luthersutter.law@gmail.com

_____
Philip E. Kaplan