ELECTRONICALLY FILED
2013-Dec-02 13:55:12
60CV-13-4624
C06D06 : 5 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

STEVE HOLLAND                         PLAINTIFF

VS.                         CASE NO: _____

SOUTHWESTERN BELL
TELEPHONE COMPANY                         DEFENDANTS
And CLIFFORD LINDSEY

## COMPLAINT WITH PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES THE PLAINTIFF, by and through Counsel and for his Complaint he states:

### PARTIES AND JURISDICTIONS

1.      Plaintiff is a resident and citizen of the State of Arkansas, who worked for the Defendants in Arkansas. Defendant Southwestern Bell Telephone Company is a foreign corporation authorized to do business in the State of Arkansas, who at all times relevant employed more than 300 (three hundred) people in the State of Arkansas. Clifford Lindsey, a resident and citizen of Arkansas, is the Area Manager who refused to accommodate Plaintiff's disability, implemented a 100% healed policy, and retaliated against the Plaintiff in violation of the ACRA and the FMLA. This is an action brought for violation of the ADA, the Family Medical Leave Act of 1993, and the Arkansas Civil Rights Act of 1993. Since the acts giving rise to this action arose in this county, venue is proper. This court has personal and subject matter jurisdiction. Plaintiff timely filed a Charge of Discrimination, Exhibit A, with the EEOC and now timely files this action within ninety (90) days of receiving this Right to Sue letter.

### GENERAL ALLEGATIONS OF FACTS

2.      Plaintiff was formerly employed by the Defendant until February 2013. He is, or is regarded as, a person with a disability. At all times relevant, he performed his job satisfactorily.

Page 1 of 4

EXHIBIT 2

3. During his employment, Plaintiff's foot was injured and became substantially limited in his ability to walk, think, climb, and concentrate. Plaintiff timely and properly requested FMLA leave for surgery on his foot.

4. Thereafter, Defendants failed to accommodate Plaintiff by holding him to quotas that were impossible to meet, while Plaintiff was on FMLA leave.

5. Plaintiff requested leave that qualified for FMLA and Defendants retaliated against Plaintiff for requesting leave in violation of the ADA, the FMLA, and the ACRA.

6. Defendants have a policy that requires people to be 100% healed. Lindsey refused to allow Plaintiff to work unless he had no restrictions.

7. Plaintiff could have performed his job satisfactorily with accommodation, i.e. FMLA leave, but Defendants failed to accommodate him by allowing him additional time required under the FMLA. Instead, Defendants failed to allow Plaintiff additional time to meet his quotas in violation of the FMLA.

## COUNT I

8. Plaintiff re-alleges the foregoing as it is fully set out herein.

9. Defendant Southwestern Bell Telephone Company is an employer covered by the FMLA, who together employed more than 50 people in each week in 2012, 2013, and 2011, in an industry affecting interstate commerce.

10. Plaintiff, hired before October 2011, requested and was granted leave that qualified as FMLA leave. Plaintiff worked for than 1250 hours in the year preceding each day in 2012 and 2013.

11. Defendants retaliated against the Plaintiff for requesting FMLA leave and interfered with Plaintiff's use of FMLA leave by firing him, as well as failing to allow him time to meet his quotas.

12. As a direct and proximate cause of Defendants' acts and omissions alleged herein, Plaintiff has suffered lost wages, lost benefits, and incurred other damages in an amount

to be proven at trial.

13. Defendants' actions have been so egregious as to warrant the imposition of liquidated and punitive damages.

## COUNT II

14. Plaintiff re-alleges the foregoing as it is fully set out herein.

15. Plaintiff is a person with a disability or is regarded as a person with a disability, or has a record of impairment. His impairment is severe enough to substantially limit one or more of his major life activities, i.e. walking, thinking, concentrating, or climbing. Plaintiff is a qualified individual with a disability.

16. Plaintiff requested accommodation in the form of leave to undergo surgery. Because he requested accommodation, Defendants fired him. Consequently, Defendants have discriminated against Plaintiff in violation of the ADA and the ACRA, as well as failed to accommodate him and retaliated against him. Had Plaintiff not identified himself as a person with a disability, he would not have been fired.

16. As a direct and proximate cause of Defendants' acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, lost wages, lost benefits, and incurred other damages in an amount to be proven at trial.

17. Defendants' actions have been so egregious so as to warrant the imposition of punitive damages.

WHEREFORE Plaintiff prays for appropriate compensatory and punitive damages exceeding $75,000.00, for electronic discovery under Rule 26.1, for a trial by jury, for reasonable attorney's fees, for costs, for compensatory and liquidated damages under FMLA, reinstatement or front pay, for appropriate injunctive relief, for a trial by jury, prejudgment interest, for reasonable attorneys' fees, and for all other proper relief.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501-315-1910  Office
501-315-1916  Facsimile
Attorney for the Plaintiff

By:    /s/ Luther Oneal Sutter
       Luther Oneal Sutter, AR Bar No. 95031
       luthersutter.law@gmail.com

g:\doc\Holland, Steve\PLD\2013-11-05  COM - Holland, Steve.doc